# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-916


**BILLYE S. COHEN, ET VIR**

**VERSUS**

**BROOKSHIRE BROTHERS, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 196,335
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## MARC T. AMY
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard Ezell, Judges.


**REVERSED AND RENDERED.**

David A. Hughes
Hughes & LaFleur
Post Office Box 1831
Alexandria, LA   71309-1831
(318) 443-4090
COUNSEL FOR DEFENDANT/APPELLANT:
        Brookshire Brothers, Inc.

Honorable Chris Smith, III
Leesville City Court Judge
Post Office Box 1486
Leesville, LA   71446
(337) 238-1531
COUNSEL FOR PLAINTIFFS/APPELLEES:
        Billye S. Cohen
        Harold W. Cohen

AMY, Judge.

Plaintiffs, Billye and Harold Cohen, filed suit against the defendant alleging that Mrs. Cohen was injured after a fall caused by an allegedly hazardous condition inside a Super 1 Food Store. The trial court found in favor of the plaintiffs. The defendant, Brookshire Grocery Company, ("Brookshire") now appeals. For the following reasons, we reverse.

## Factual and Procedural Background

This case arises from an accident which occurred on the afternoon of June 22, 1998, inside a Super 1 Food Store located in Alexandria, Louisiana. The record of proceedings below indicates that Mrs. Billye S. Cohen and her husband, Mr. Harold W. Cohen, entered the Super 1 Food Store to shop for groceries. Mr. Cohen went to the bakery section of the store for coffee, and Mrs. Cohen took a cart and began her shopping.

As Mrs. Cohen walked down an aisle in the produce department toward a display of cantaloupes, she passed near a produce bin. Mrs. Cohen testified that as she passed the bin, she slipped and fell, injuring her right arm, leg, foot and hip, and her left hand. Mrs. Cohen alleged that she had slipped on a clear liquid substance that she thought to be fruit nectar due to its sticky texture. The store, through its assistant manager and its produce manager, testified at trial that a few undisturbed water drops were present on the floor approximately three feet from the accident, but that they had no knowledge of a substance in the immediate vicinity of the accident.

The store's produce manager, George Lavern Clark, and a produce clerk were in the process of stocking the cantaloupe display at the time of the accident. The men helped Mrs. Cohen into a wheelchair, and Mr. Cohen and the store's assistant

manager, Mr. Donnell Clark, were called to the scene. Mr. Donnell Clark testified that he completed a store accident report and took photographs.

Mr. Cohen took his wife immediately from the store to the emergency room. While most of the injuries Mrs. Cohen sustained in the fall were temporary, she explained that the pain in her right foot and knee persisted.

The Cohens filed suit alleging that Brookshire failed to safely maintain the premises and to warn patrons of the condition, created a hazardous condition through its negligence and allowed said condition to exist, failed to properly train employees, and that the condition of the floor inside the store presented an unreasonable risk of harm to them and other patrons. Along with the damages sought by Mrs. Cohen, Mr. Cohen sought damages for loss of consortium and services which resulted from his wife's injuries.[1]

Following a trial on the merits, the trial judge ruled in favor of the Cohens. In the reasons for the ruling, the trial judge found "as a fact that there was a liquid on the floor the entire time the two employees were stocking the display." The court held that the time was sufficient to conclude that the store had constructive notice of the hazard, and thus the plaintiffs had carried their burden. The court awarded Mrs. Cohen general damages in the amount of $7,000.00, as well as $1,211.00 for her medical expenses. The trial court awarded Mr. Cohen $250.00 for his loss of consortium claim.

Brookshire appeals, assigning the following as error in its brief to this court:

---

[1] We note that this matter has previously been before this court due to issues of prescription. In *Cohen v. Brookshire Bros.*, 01-1159 (La.App. 3 Cir. 6/5/02), 819 So.2d 429, *writ denied* 02-1767 (La. 10/14/02), 827 So.2d 423, a panel of this court reversed the trial court's dismissal of the action based on dilatory and peremptory exceptions and remanded the action for trial.

The trial judge erred in finding that plaintiffs bore their burden of proof against Brookshire Grocery Company under the provisions of R.S. 9:2800.6.

## Discussion

The burden of proof required for maintaining an action against a merchant is set forth in La.R.S. 9:2800.6, which provides in pertinent part as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

3

The Louisiana Supreme Court examined this definition of constructive notice in *White v. Wal-Mart Stores, Inc.* 97-0393 (La.App. 3 Cir. 9/9/97), 699 So.2d 1081. The court identified a "temporal element," stating that in addition to the plaintiff's burden to prove that the hazard existed at the time of the accident, "[t]he claimant must make a positive showing of the existence of the condition prior to the fall." *Id.* at 1084. The supreme court further explained that a claimant who simply shows that the condition exists, without the additional showing that it existed for some time before the fall, does not carry the burden of proving constructive notice required by the statute. *Id.* "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084-85. The plaintiff may use circumstantial evidence to establish the temporal element. *Henry v. Wal-Mart Stores, Inc.* 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied,* 00-929 (La. 5/26/00), 762 So.2d 1107.

A trial court's finding of liability for damages caused by a slip and fall accident at the defendant's place of business is a factual determination that will not be disturbed absent manifest error or unless it is clearly wrong. *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La.App. 3 Cir. 12/10/97), 704 So.2d 361.

The trial court's written reasons for judgment included the following findings relating to the application of the facts of the case:

> In this case, Plaintiffs presented no evidence that Defendant had actual notice of a liquid substance on the floor near the produce bin prior to the incident. Therefore, to prevail, Plaintiffs must prove as part of their case in chief that Defendant either created or had constructive knowledge of the condition.
>
> . . . .

At trial, Mrs. Cohen testified that she supposed the liquid had been on the floor for a time prior to her fall, but that [she] was not looking at the floor while she was walking. . . .

The store's Produce Manager testified that he and another employee were stocking cantaloupe in a display in the same area. The two men had a supply of fruit, stacked all they had and, then, the manager left to get more. It was while he was gone that the accident occurred. When the Produce Manager returned to assist Mrs. Cohen he did not see any liquid near her, but did see some undisturbed liquid on the floor a few feet away. The Manager of the store testified that, when he arrived at the scene of the accident, he saw "a few drops" of liquid on the floor near the produce bin. It looked to him as though a grocery cart had pushed through them. . . .

The court finds as a matter of fact that there was a liquid on the floor the entire time the two employees were stocking the display. This time was sufficient to conclude that the requirements of constructive notice are met.

We note that the trial court based its decision on the conclusion that the men stocking the cantaloupes at the end of the aisle should reasonably have known of the substance and were thus, on constructive notice of its presence. Again, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Kennedy v. Wal–Mart Stores, Inc.*, 98-1939, p. 3 (La. 4/13/99), 733 So.2d 1188, 1190 (*quoting White*, 699 So.2d at 1084); *See also* La.R.S. 9:2800.6(C)(1). In *Kennedy*, the plaintiff produced general evidence showing that the general area where he fell was within the sight of a customer service podium, but did not produce any evidence relating to the length of time the water puddle had been there. Referencing *White* in its discussion, the supreme court held that, absent the temporal requirement, the plaintiff did not carry his burden of proving the constructive knowledge of the merchant. *Id.*

Our review of the record reveals that Mrs. Cohen testified that she did not see the substance she slipped on prior to her fall, stating, "I never look at floors when I'm

5

walking. I go straight ahead. I did not see . . . where it was." Mrs. Cohen was unable to give any description of the substance beyond its sticky texture, including exactly where it existed on the floor or how long it had been there. When asked how long the substance had been on the floor, she stated that she did not know but "[s]ince I'm the first person to fall on it, it probably hadn't been, or else someone hadn't been in that section." Neither were any other of the witnesses able to identify the length of time the substance had been on the floor.

Given this absence of *proof* of the length of time the spill had existed, we conclude that the trial court's determination that the defendant had constructive notice of the condition was clearly wrong under the terms of La.R.S. 9:2800.6. Accordingly, the entry of judgment in favor of the plaintiffs was in error.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and judgment is entered in favor of the defendant, Brookshire Brothers, Inc. All costs of this proceeding are assigned to the plaintiffs, Billye and Harold Cohen.

**REVERSED AND RENDERED**.