# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-988


**DANA PATIN**

**VERSUS**

**EVANGELINE DOWNS OF LOUISIANA, INC.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-5420-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED**.


**Alex L. Andrus, III**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**Counsel for Plaintiff/Appellee:**
**Dana Patin**

**John W. Madison, Jr.**
**Amanda E. Waddell**
**Wiener, Weiss, & Madison**
**333 Texas Street, Suite 2300**
**Shreveport, LA 71120**
**(318) 226-9100**
**Counsel for Defendant/Appellant:**
**The Old Evangeline Downs, L.L.C.**

**John S. Campbell, III**
**Matthew L. Mullins**
**Taylor, Porter, Brooks & Phillips, L.L.P.**
**P. O. Box 2471**
**Baton Rouge, LA 70821**
**(225) 387-3221**
**Counsel for Defendant/Appellant:**
**The Old Evangeline Downs, L.L.C.**

**W. Glenn Soileau**
**Attorney at Law**
**P. O. Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**Counsel for Plaintiff/Appellee:**
**Dana Patin**

**EZELL, JUDGE.**

At issue in this appeal is the temporal element of La.R.S. 9:2800.6. Evangeline Downs of Louisiana, Inc. appeals a trial court judgment which found that it had constructive notice of a beet on the floor of its buffet restaurant, which caused Dana Patin to fall and injure herself. For the following reasons, we affirm.

## FACTS

On Friday evening, July 16, 2004, Dana Patin and her family went to the Cajun Buffet at Evangeline Downs Racetrack and Casino. After waiting for fifteen to thirty minutes, they were finally seated. Ms. Patin served herself and her two daughters. She then went back to the vegetable line to get some tartar sauce. As she turned to go back to her table, her left foot slipped out from under her. Her left arm hit the granite counter top, and her left knee hit the floor. A lady helped her get up. Ms. Patin noticed a beet on the floor after she fell. Ms. Patin returned to her table. Her knee was bleeding, and a bruise later appeared on her left arm.

A busboy noticed the incident and notified the manager on duty, Chris Melancon. He came to check on Ms. Patin. Later, a security guard, Lisa Poole, came to talk to Ms. Patin. She took Ms. Patin to an office where a report was filled out.

On the way home, Ms. Patin's left leg began to really hurt. Ms. Patin sought medical treatment, and eventually, surgery was performed on her back.

The case was tried before a judge on February 26, 2008. Applying La.R.S. 9:2800.6, the trial judge found that Ms. Patin had established that Evangeline Downs had constructive notice of the beet on the floor. Judgment was signed on March 4, 2008, awarding total damages in the amount of $304,956.84. Evangeline Downs filed the present appeal claiming that the trial court erred in finding it had constructive notice of the beet. Damages are not at issue.

1

## CONSTRUCTIVE NOTICE

Evangeline Downs argues that Ms. Patin has failed to produce any evidence concerning the amount of time the beet was on the floor. It contends that she has not satisfied the temporal element of La.R.S. 9:2800.6 and has failed to carry her burden of proof.

Louisiana Revised Statues 9:2800.6 sets forth the burden for proving a claim against a merchant for injury caused by a fall that occurs on the merchant's premises. The statute specifically defines constructive notice as follows:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La.R.S. 9:2800.6(C)(1).

In *White v. Wal-Mart Stores, Inc.*, 97-393, p. 1 (La. 9/9/97), 699 So.2d 1081, 1082, the supreme court discussed the temporal element of the constructive notice definition and held that a claimant must "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." This temporal element can be established by circumstantial evidence. *Blackman v. Brookshire Grocery Co.*, 07-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185; *Cohen v. Brookshire Brothers, Inc.*, 04-916 (La.App. 3 Cir. 11/10/04), 887 So.2d 681, *writ denied*, 04-3041 (La. 2/18/05), 896 So.2d 38; *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107. The trier of fact's finding that the plaintiff established the temporal element of constructive notice is subject to the manifest error/clearly wrong standard

2

of review. *Id.*

The evidence was clear that Friday nights at the Cajun Buffet were the busiest because it was a seafood buffet. The buffet area seats about 275 people. This was established by the testimonies of Mr. Melancon and Ms. Poole in addition to Freida Carmouche, a buffet server. They all testified that food would spill on the floor.

At the time of the accident, Mr. Melancon had been a shift supervisor in the buffet for seventeen days. He testified that it was usually the bussers' job to keep the floor clean but everybody is supposed to watch for food on the floor on Friday nights. Mr. Melancon also testified that it was not uncommon to be shorthanded on weekends and, on this particular night, he was short one cashier, one server, and one busser.

Both Mr. Melancon and Ms. Carmouche testified that there were training and procedures in place about picking up spills immediately. Mr. Melancon remembered security telling him to check the floors every forty-five minutes, especially on Friday nights. However, he does not remember if inspections of the floor occurred on the night of Ms. Patins' fall. He further testified that it could have been as long as one hour and forty-five minutes before the floor was inspected on Friday night. Mr. Melancon was of the opinion that there needed to be more staff on Friday nights due to the high volume of customers.

There was also testimony that there were mats by the cashiers' station, the entrance into the busing area, and by the ice cream stand. However, there were no mats next to the buffet line. The floor near the buffet line was a tile floor.

In ruling that Ms. Patin established Evangeline Downs had constructive notice of the beet on the floor, the trial judge found that an hour to an hour and forty-five minutes was an inadequate amount of time before an inspection was made. He also considered the lack of staff which contributed to the lack of adequate inspections.

3

Given the testimony at trial, we cannot say the trial judge's conclusion was manifestly erroneous. It is clear that, on this particular night, the buffet was extremely busy. Food would obviously be spilled on the floor, and we agree with the trial judge that an hour and forty-five minutes is an extremely long time to wait in between inspection of the floors. Ms. Patin clearly met her burden of proof that the beet was on the floor for an unreasonable amount of time. We do not agree that Ms. Patin has to actually show how long this particular beet was on the floor. If that was so, then there would be no need for constructive knowledge. Ms. Patin has established that inspection procedures on this particular Friday night in addition to an inadequate staff contributed to food remaining on the floor longer than reasonable.

For the above reasons, we affirm the ruling of the trial court. All costs of this appeal are assessed to Evangeline Downs of Louisiana, Inc.

**AFFIRMED**.