CLARENCE E. McMANUS, Judge.
 

 | gPIaintiff, Patricia Richardson, filed suit against Louisiana-1 Gaming, Pinnacle Entertainment, and Boomtown LLC. In the petition plaintiff alleged that the defendants operated a riverboat gaming vessel and dockside facilities known as Boomtown Casino. She further alleged that, while she was a customer/guest of the casino, she slipped on a die on the floor while walking to the escalator. As a result she fell, incurring injury.
 

 Defendants filed a motion for summary judgment, contending that the uncontested facts show that plaintiff cannot meet her burden of proving that they breached their duty of care or that they had actual or constructive knowledge of the presence of the die on the floor prior to her fall. In opposition, plaintiff asserted that the die on the floor was a dangerous and foreseeable condition.
 

 The trial court granted the motion for summary judgment, dismissing plaintiffs
 
 *895
 
 suit with prejudice. Plaintiff appeals from this ruling.
 

 A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with |saffidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art. 966(C)(2);
 
 Callis v. Jefferson Parish Hosp. Service, Dist. # 1,
 
 07-580 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
 

 Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court; which is whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Matthews v. Banner,
 
 08-339 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.
 

 LSA-R.S. 9:2800.6 governs negligence claims brought against merchants resulting from accidents caused by a condition existing on or in the merchant’s premises. A casino qualifies as a merchant under this statute.
 
 Rowell v. Hollywood Casino Shreveport,
 
 43,306 (La.App. 2 Cir. 9/24/08), 996 So.2d 476.
 

 LSA-R.S. 9:2800.6 provides in pertinent part as follows:
 

 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
 

 |4B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
 

 (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
 

 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
 

 (3) The merchant failed to exercise reasonable care.
 

 Failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to the plaintiffs case.
 
 Harrison v. Horseshoe Entertainment,
 
 36,294 (La.App. 2 Cir. 8/14/02), 823 So.2d 1124.
 

 Merchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not
 
 *896
 
 the insurer of the safety of his patrons. A store owner is not liable every time an accident happens.
 
 Harrison, supra.
 

 In her brief, the plaintiff presents three assignments of error. First she alleges that the trial court erred in dismissing the case based upon the abolished doctrine of assumption of the risk. Second, she alleges that the trial court erred in holding the plaintiff to a heightened duty to look for dice on the floor. Third, she alleges that the trial court erred in failing to find there was at a minimum a genuine issue of material fact regarding the plaintiffs accident, including whether the accident occurred or was foreseeable.
 

 In his oral reasons, the trial judge stated that:
 

 Alright. If you look at Ms. Mohammed’s deposition and plaintiffs deposition, I think what happened is the patron threw the dice, one of them went off the table. Immediately, the plaintiff was walking by and tripped on it. I don’t | ¿really liken it to a liquid on the floor of a grocery store, because you’re (sic) attention is — I mean, you’re at a grocery store to look for items that you’re shopping for. In this case, when you’re walking by a dice table, I think you may have a heightened duty to look for dice on the floor because, as plaintiff stated, it happens a lot, it happens often. It’s kind of like the baseball stadium scenario that we all learned in law school, assumption of the risk kind of thing. Immediately — and the facts as I find them are, as Ms. Mohammed states and not countervailed by the plaintiff, Ms. Mohammed immediately took steps to retrieve the dice after they were thrown on the floor, however, it was too late, Ms. Richardson already slipped. So, for that reason, the Court’s going to grant the motion for summary judgment.
 

 The trial court was incorrect in its opinion that assumption of the risk applies. In applying assumption of the risk, the court suggested that the plaintiff has a heightened duty to look for dice on the floor in what the court described as a common occurrence, much like a known hazard in a baseball stadium. The trial court alluded to the assumption of the risk defense that had been used to bar recovery by plaintiffs who opted to place themselves in situations which involve virtually unpreventable risks, the textbook example being the sports spectator who has the misfortune of being hit by an errant ball.
 
 See: Murray v. Ramada
 
 Inns,
 
 Inc.,
 
 521 So.2d 1123, 1125 (La.1988). On the contrary, the trial court must follow the Louisiana Supreme Court, which has abolished assumption of the risk.
 
 Id.
 
 For the reasons below, however, this Court finds, after our
 
 de novo
 
 review, that the motion for summary judgment was correctly granted.
 

 Plaintiff, in her deposition, stated that she entered the casino and was walking near the craps table, while talking to her brother. She stepped on something that was hard and small, and as a result, lost her footing and fell. Plaintiff said that she did not know what the object was when she stepped on it. She discovered it was a die when the casino employee (Ms. Muhammad) showed it to her.
 

 Jada Muhammad, table games supervisor, stated in her deposition that she saw a player throw the dice on the games table. One die bounced off the table and Islanded on the floor, and as soon as it landed, plaintiff stepped on it. Ms. Muhammad helped plaintiff up, and then retrieved the die and placed it back on the table. Ms. Muhammad stated that it was one of her duties to retrieve dice immediately if one bounced off the table. In the present case, she stopped play of the game as soon as
 
 *897
 
 the die left the table and went to retrieve it. Because the die landed on the floor and plaintiff stepped on it almost simultaneously, she did not have time to pick it up.
 

 Plaintiff argues that the conditions surrounding the craps table were unreasonably dangerous, in that die would land on the floor repeatedly, and from the same vicinity as the one on which she slipped. This condition, which occurred repeatedly, was not only foreseeable, but also anticipated and likely to occur. Defendants argue that assuming that the die caused plaintiffs fall, she cannot bear the burden of proving that this created an unreasonable risk or that it did not exercise reasonable care. It was another patron, and not the casino, that created the condition by throwing the die off the table. Defendant contend that it could not have known that the die would leave the table at the same time that plaintiff walked by, and therefore plaintiff cannot prove that it had either actual or constructive notice of the dangerous condition prior to plaintiffs fall.
 

 La. R.S. 9:2800.6(B) clearly and unambiguously requires the. claimant to prove each of its three subsections with no shifting of the burden. In order to prove constructive notice the statute clearly and unambiguously requires that the claimant prove that the damage causing condition existed for some period of time prior to the occurrence,
 
 White v. Wal-Mart Stores, Inc.,
 
 97-0393 (La.9/9/97), 699 So.2d 1081. The undisputed testimony of Ms. Muhammad reflects that the die hit the floor and plaintiff stepped on it simultaneously, and therefore plaintiff cannot prove that the condition causing her accident, the die on the floor, existed for some 17period of time prior to her accident. Accordingly, the trial court did not err in finding an absence of support for one element of plaintiffs case and in granting summary judgment for defendant, dismissing plaintiffs cause against them.
 

 For the above discussed reasons, the decision of the trial court is affirmed. All costs are assessed against appellant.
 

 AFFIRMED.