FREDERICKA HOMBERG WICKER, Judge.
| ¡¿Plaintiffs, Debbie and Joseph Frank, appeal the summary judgment dismissing their action against defendants for damages arising out of a slip-and-fall accident at Boomtown Casino. We affirm.
On January 22, 2010, plaintiffs, Debbie and Joseph Frank, filed suit against Louisiana I-Gaming and Full Service Systems Corporation (defendants) for damages arising out of a slip-and-fall accident at the Boomtown Belle Casino in Harvey, Louisiana.[1] The designated record in this case shows that plaintiffs arrived to Boomtown *229 Casino a little after noon on March 81, 2009. At some point, Mr. Frank accompanied his wife to the third floor of the casino to use the restroom.[2] Plaintiffs allege that Mrs. Frank slipped in a wet substance in the casino restroom, causing her to fall and sustain physical injuries.
[sAfter initial discovery, defendants filed a motion for summary judgment contending that plaintiffs would be unable to present evidence sufficient to meet their burden of proof under La. R.S. 9:2800.6. Specifically, defendants argue that plaintiffs could present no evidence to prove that defendant created or had actual or constructive notice of any unreasonably dangerous condition.
Peggy Shano was the Boomtown security manager at the time of the alleged incident. In support of their motion, defendants attached excerpts of her deposition. Ms. Shano testified that she spoke with Mrs. Frank following her fall. She offered Mrs. Frank medical attention and instructed one of the casino’s officers to bring Mrs. Frank a wheelchair. Ms. Sha-no testified that, at some point while speaking with Mrs. Frank, she glanced over and noticed a housekeeper standing right outside of the restroom doorway. Ms. Shano approached the housekeeper, Ms. Maria Arias, and asked her if anyone had entered the restroom since plaintiffs fall or if she had cleaned the restroom since plaintiffs fall, to which Ms. Arias responded, “no.” Ms. Shano also testified that she did not recall if a wet floor sign was present, but stated that she likely would have taken a photograph of the sign if it had been present. Defendants also attached excerpts of Mrs. Frank’s deposition testimony. Mrs. Frank testified there were no warning signs either outside or inside the restroom. Mrs. Frank testified that she did not notice the liquid substance on the floor before her fall and was uncertain whether the liquid was water or urine. She further testified that she does not know how the floor became wet or what length of time the liquid remained on the restroom floor prior to her fall.
Plaintiffs filed an opposition to defendant’s motion for summary judgment attaching excerpts of the deposition testimony of the housekeeper, Ms. Maria Arias. Ms. Arias’ deposition was taken with the assistance of a translator because |4Ms. Arias is Spanish-speaking. Ms. Arias testified that her normal procedure when she mopped a restroom at the casino would be to put a wet floor sign outside of the restroom and to stand outside of the doorway and prevent patrons from entering until the restroom floor dried. Ms. Arias testified that she has no recollection of Mrs. Frank’s accident and does not recall speaking with Ms. Shano, stating that she never communicated with anyone at the casino in English. Ms. Arias further testified that she was instructed to remain in the spot where a reported accident occurred to wait for security to arrive. Ms. Arias stated, however, that she never witnessed nor reported any accidents while employed at the casino.[3]
*230 Defendants replied to plaintiffs’ opposition to the motion for summary judgment, arguing that Ms. Arias’ testimony stating she has no recollection of Mrs. Frank’s accident further confirms that there is no concrete evidence to prove defendants created or had actual or constructive notice of the alleged liquid on the restroom floor.
After a hearing, the trial court granted defendants’ motion for summary judgment. In his Written Reasons for Judgment, the trial judge made a specific finding that plaintiffs are required to meet their burden of proof set forth in La. R.S. 9:2800.6 and failed to do so. The trial judge opined that plaintiffs failed to meet their burden of proving that defendants had actual or constructive knowledge of the alleged condition, i.e., that defendants’ employees either created the hazard 15or had actual or constructive knowledge of the condition. Plaintiffs timely filed a Motion for Appeal, which the trial court granted.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Matthews v. Banner, 08-339, p. 3 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163. A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The summary judgment procedure is now favored under our law. La. C.C.P. art. 966(A)(2).
If the mover will not bear the burden of proof at trial, the mover’s burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Then, the burden shifts to the adverse party to produce factual support sufficient to show that party will be able to meet its evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). The party opposing summary judgment cannot rest on mere allegations of its pleadings, but must show that it can satisfy its evidentiary burden at trial. Allen v. Wal-Mart, 37,352, p. 2-3 (La.App. 2 Cir. 6/25/03), 850 So.2d 895, 897.
In this appeal, plaintiffs contend that genuine issues of material fact remain and that the trial court erred in granting summary judgment in favor of defendants. Plaintiffs also assign as error the application of La. R.S. 9:2800.6 to the Boomtown Casino, asserting that the casino does not meet the definition of a “merchant” as defined in the statute.
16First, we find that the Boomtown Belle Casino in Harvey, Louisiana is a “merchant” as defined in La. R.S. 9:2800.6.[4] This Court has very recently *231 applied La. R.S. 9:2800.6 to the Boomtown Belle Casino in Harvey, Louisiana — the exact casino in this case. Pellegrin v. Louisiana-I Gaming, 11-1021 (La.App. 5 Cir. 4/24/12), 93 So.3d 645. Further, this Court and other Louisiana circuit courts of appeal have consistently applied La. R.S. 9:2800.6 to accidents taking place inside of a casino. See Richardson v. Louisiana-1 Gaming, 10-262, p. 3 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895; Rowell v. Hollywood Casino Shreveport, 43,306, p. 3 (La.App. 2 Cir. 9/24/08), 996 So.2d 476, 478 (citing Harrison v. Horseshoe Entertainment, 36,294 (La.App. 2 Cir.8/14/02), 823 So.2d 1124); Neal v. Players Lake Charles, L.L.C., 01-0244 (La.App. 3 Cir. 6/6/01), 787 So.2d 1213; Patin v. Evangeline Downs of Louisiana, Inc., 08-988 (La. App. 3 Cir. 2/4/09), 3 So.3d 638; and Smith v. Casino New Orleans Casino, 12-0292 (La.App. 4 Cir. 10/3/12), 101 So.3d 507 (noting that “[t]he jurisprudence has recognized that a casino is a merchant for purposes of this Act.”) Accordingly, this assignment is without merit.
To determine if summary judgment was properly granted, we must examine whether plaintiffs failed to establish a pri-ma facie case under La. R.S. 9:2800.6, which provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, 17or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Plaintiff has the burden of proving all three elements set forth in La. R.S. 9:2800.6(B)(1) through (3) and failure to prove any of the requirements enumerated will prove fatal to a plaintiffs case. White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97), 699 So.2d 1081 and Richardson, 10-262 at p. 4, 55 So.3d at 895.
In this case, plaintiffs point to the deposition testimony presented and essentially ask this Court to infer that — because Ms. Shano testified that Ms. Arias was standing outside of the restroom door at some time following Mrs. Frank’s accident — the restroom had just been mopped. However, Ms. Arias’ deposition testimony reflects that she does not recall Mrs. *232 Frank’s accident and had not reported any accident in the time period she worked in the casino; she did not testify or indicate that she had mopped the floor immediately before Mrs. Frank’s fall. In Mrs. Frank’s deposition, she stated that she is uncertain if the liquid that caused her to slip was water or urine and indicated that no wet floor signs were present before her fall. She further testified that she does not know how the floor became wet or what length of time the liquid remained prior to her fall.
“[M]ere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6.” Allen v. Wal-Mart, 37,852, p. 5 (La.App. 2 Cir. 6/25/03), 850 So.2d 895, 898. In the present case, plaintiffs have put forth no concrete evidence to prove that defendants either created or had actual or constructive knowledge of the condition of the restroom floor immediately prior to Mrs. Frank’s fall. Therefore, plaintiffs have failed to meet their burden of proof under La. R.S. 9:2800.6(B). Accordingly, the judgment of the trial court is affirmed.

AFFIRMED

. The petition alleges that Louisiana I-Gaming is the owner and manager of Boomtown Casino and that Full Service Systems was the provider of janitorial services at the casino at the time of the accident. Plaintiffs also filed suit against Boomtown, LLC of Delaware, Service Companies, Inc., Pinnacle Entertainment, Inc. of Delaware, and Southern Service Corporation. These parties are irrelevant to the issues raised in this appeal.

. The deposition testimony indicates that Mrs. Frank used the same restroom one additional time earlier that day.

. In their opposition to defendants' motion for summary judgment, plaintiffs attached a letter addressed to Mrs. Frank from a claims adjusting company, Specialty Risk Services, denying Mrs. Frank’s claim. Defendants objected to this letter at the summary judgment hearing. The trial judge did not rule on defendants' objection and does not indicate in his Reasons for Judgment that he considered or relied upon the letter in rendering judgment. We decline to consider the letter as it was not properly offered and introduced into evidence at the summary judgment hearing. ''[Ajlthough La. C.C.P. art. 966(B) provides an exception for specific documents a court may *230 consider on a motion for summary judgment without the need to formally introduce such documents into evidence at hearing, generally all other documents or things not enumerated in the article but relied upon by the parties must be verified or authenticated and officially offered and introduced into evidence.” Sheffie v. Wal-Mart Louisiana, LLC, 11-1038, p. 7 (La.App. 5 Cir. 5/31/12), 92 So.3d 625, 629. See also Denoux v. Vessel Mgmt. Services, Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88; Rudolph v. D.R.D. Towing Co., LLC, 10-629, p. 5 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277; and Drury v. Allstate, Ins., et al, 11-509, p. 8 (La.App. 5 Cir. 12/28/11), 86 So.3d 634.

. La. R.S. 9:2800.6(C)(2) defines merchant as follows:
"Merchant” means one whose business is to sell goods, foods, wares, or merchandise *231 at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.