698 So.2d 53 (1997)
Lois J. NICHOLS Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 97-265.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1997.
Robert Lawrence Beck Jr., Eugene A. Ledet Jr., Alexandria, for Lois J. Nichols.
James Dey Kirk, Alexandria, for Wal-Mart Stores, Inc.
Jerry W. Deason Jr., Baton Rouge, for State.
Before YELVERTON, SAUNDERS and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal from the trial court's judgment finding the defendant, Wal-Mart Stores, Inc., liable for the injuries to the plaintiff, Lois J. Nichols. For the following reasons, we affirm.

*54 FACTS
On November 5, 1992, Nichols went to the Wal-Mart store in Pineville, Louisiana to buy salt and pepper shakers. She parked in the center most aisle of the parking lot in front of the entrance to the store. As she walked towards the entrance, she tripped on an elevated edge of a concrete slab and fell to the ground, injuring her hands, elbows, and knees. Eventually, she came under the care of Dr. Christopher Rich, an orthopaedic surgeon in Alexandria, Louisiana. On January 8, 1993, Nichols underwent orthoscopic surgery on her knee at Rapides General Day Surgery Center. On November 3, 1993, Nichols filed suit against Wal-Mart Stores, Inc. asserting that her injuries were due to the failure of Wal-Mart to maintain its premises in a reasonably safe condition. The trial on this matter was held on October 8, 1996. After the presentation of the evidence, the trial court found that the parking lot presented an unreasonably dangerous condition and assessed ninety percent of the fault to Wal-Mart and the remaining ten percent to Nichols. The trial court found that Nichols proved damages totaling $44,877.53 (general damages in the amount of $35,000.00, lost wages in the amount of $2,300.75, and medical expenses in the amount of $7,576.78) and awarded her $40,877.53 (total damages decreased by the percentage of her fault). From this judgment, Wal-Mart appeals.

ASSIGNMENTS OF ERROR
On appeal, Wal-Mart alleges the trial court committed the following errors:
1. The trial court erred in finding that plaintiff proved the existence of an unreasonably dangerous condition on defendant's premises which caused harm to the plaintiff.
2. The trial court erred in finding the plaintiff's comparative fault only ten percent.

UNREASONABLY DANGEROUS CONDITION
In its first assignment of error, Wal-Mart, citing Green v. City of Thibodaux, 94-1000 (La.App. 1 Cir. 10/6/95); 671 So.2d 399, writ denied, 95-2706 (La.2/28/96); 668 So.2d 366, and Migues v. City of Lake Charles, 96-626 (La.App. 3 Cir. 11/6/96); 682 So.2d 946, urges that the trial court's finding that the defect in the parking lot created an unreasonable risk of harm is a legal question and that this court should conduct a de novo review. We disagree. The Louisiana Supreme Court has held that the determination by the fact finder using the risk/utility analysis should be reviewed under the manifest error standard. In Hines v. Remington Arms Co., Inc., 94-0455 (La.12/8/94); 648 So.2d 331, the court stated that whether a product is unreasonably dangerous is a question of fact subject to the manifest error standard. See also Gilboy v. American Tobacco Co., 582 So.2d 1263 (La.1991) and Hataway v. Jeep Corp., 96-166 (La.App. 3 Cir. 8/14/96); 679 So.2d 913. At the core of the analysis of whether a product or a defect is unreasonably dangerous is the risk/utility inquiry: Is the risk created outweighed by its utility? We see no reason for the manifest error standard of review to apply in the determination of whether the fact finder was correct in its risk/utility analysis in a products liability case, yet give the fact finder less deference in the risk/utility analysis in a cause of action brought under La.Civ.Code art. 2317.
Therefore, we will not set aside the trial court's finding in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La. 1989); Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). The trier of fact may choose to reject all of the testimony of any witness or may believe and accept any part or parts of a witness' testimony and refuse to accept any *55 other part or parts thereof. LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir.1990), writ denied, 575 So.2d 391 (La. 1991).
Nichols' claim for damages is based on La.Civ.Code art. 2317 which states:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody....
To recover damages, Nichols must show that the vice or defect in the parking lot was a condition that posed an unreasonable risk of harm to her and others. All relevant moral, economic, and social considerations should be weighed when deciding whether a condition creates an unreasonable risk of harm. Celestine v. Union Oil Co. of California, 94-1868 (La.4/10/95); 652 So.2d 1299; Entrevia v. Hood, 427 So.2d 1146 (La.1983).
The trial court heard testimony from Nichols and Kathy Edwards, Wal-Mart's assistant store manager. Nichols testified that when she drove through the parking lot to the space where she would eventually park, she drove over the area that she would trip on but did not notice anything out of the ordinary. She testified that she was reasonably sure she was not looking at the clipboard she was carrying while walking to the entrance of the store. She stated that although she was not looking directly at the ground, she was aware of her surroundings, particularly the automobiles and people. She stated that she had only walked a few feet when she tripped on an elevated edge of a slab, stumbled for a few feet, and then fell to the ground. She estimated that the edge of the slab was one to one and one-half inches higher than the adjoining slab. Nichols further stated that she stayed on the ground for a few minutes before entering the store and reporting the accident to Edwards.
Edwards testified that she met with Nichols at the service counter and then the two of them went out to the site of the accident. Although she did not make a measurement of the edge of the slab, she estimated that it was approximately one-half inch higher than the adjoining slab, and she noted that there was grass growing in the crevice between the slabs. Edwards testified that Nichols told her that she was in a hurry and not looking where she was going, however, she also stated that these comments were not recorded on the incident report she completed on the day of the accident.
Nichols offered the deposition of Leonard Quick, an engineer with an expertise in forensic engineering and failure analysis. He testified that he made an inspection of the accident site on June 26, 1996, and measured the change in elevation at three different locations on the joint between the two slabs of concrete. He determined that the difference in elevation was from one-half to five eighths of an inch. He opined that this change in elevation was dangerous and not in line with the applicable building codes and industry standards.
The trial court found Quick and Nichols' testimony persuasive and determined that the elevated portion of the slab presented an unreasonable risk of harm to Nichols and other individuals patronizing Wal-Mart. Our review of the testimony and the evidence leads us to the conclusion that the trial court was reasonable in determining that the condition of the parking lot constituted an unreasonable risk of harm. As such, we find this assignment of error to be without merit and affirm the determination of the trial court.

COMPARATIVE FAULT
In its second assignment of error, Wal-Mart asserts that the trial court committed manifest error in assigning only ten percent of the fault to Nichols. The defense of comparative fault is provided for in La.Civ. Code art. 2323, which read as follows:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence *56 attributable to the person suffering the injury, death or loss.
The assignment of comparative fault is a factual determination subject to the manifest error-clearly wrong standard of review. Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La. 1985).
While assigning Nichols with ten percent of the fault in causing this accident, trial court stated the following:
By plaintiff's own testimony she states that she was not looking where she was going and that she did not see the increase in the height of the concrete or the crack. Thus, this Court feels as though it is incumbent on the plaintiff to see that which is obvious and open in a pathway and to this question the Court answers in favor of the defendant.
Obviously the court found that Nichols could have paid more attention to what was in her pathway. While Nichols did have a heightened duty to see obvious hazards in the parking lot, McCargar v. Babin Motors, Inc., 499 So.2d 1081 (La.App. 3 Cir.1986), we note that her testimony illustrates that she was paying more attention to the most obvious hazard to be found in a parking lot: automobiles. As such, we find the assessment of ten percent of the fault to be reasonable.

CONCLUSION
For the above reasons, the judgment of the trial court in favor of the plaintiff, Lois J. Nichols, and against the defendant, Wal-Mart Stores, Inc., is affirmed. All costs of this appeal are assessed to Wal-Mart Stores, Inc.
AFFIRMED.