SAUNDERS, J.
This appeal arises out of a suit to recover damages for personal injuries by the Plaintiff/Appellee as a result of a slip and fall accident at the Defendant’s/Appellant’s store. The trial court ruled in favor of the Plaintiff. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On May 23, 2001, Cathy Rodriguez filed suit in Alexandria City Court for damages she allegedly sustained due to a slip and fall accident outside of the Wal-Mart store located on North Mall Drive in Alexandria, Louisiana. Ms. Rodriguez asserted that on October 27, 2000, at approximately 7:45 a.m., she went to Wal-Mart for film that she had left there to be developed. Ms. Rodriguez parked her car near the lawn and garden center entrance and proceeded to that entrance. As she approached this entrance, ' Ms. Rodriguez encountered standing water remaining from the watering of plants earlier that morning. While attempting to cross the water, Ms. Rodriguez slipped and fell. As a result of the accident, she claims to have suffered medical expenses, pain and suffering, ?,nd lost wages.
This case was tried, on November 15, 2001, in the Alexandria City Court. Upon completion of trial, the trial court ruled in favor of the Plaintiff and awarded total damages in the amount of $10,000.00. From this judgment, the Defendant ap *1193 peals and asserts the following assignments of error:
(1) The trial court erred as a matter of law by failing to clearly determine whether an “unreasonable risk of harm” existed as required by Louisiana Revised Statute 9:2800.6(B).
(2) If the trial court did determine that an “unreasonable risk of harm” existed, it erred in finding that such , existed.
(3) The trial court erred in finding that Wal-Mart did not exercise | ¿reasonable care by not warning its patrons of the presence of water on the outside brick surface in question.
(4) The trial court erred when it failed to find or consider comparative fault on- the part of the Plaintiff.
LAW AND ANALYSIS
Under the Louisiana Constitution, an appellate court is authorized to review both law and facts. La. Const. art. V, § 10(B). An appellate .court may not set aside a trial court’s findings of fact in the absence of manifest error or unless clearly wrong. Stobart v. State Through Dep’t of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). When reviewing the' trial court’s findings of fact, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was reasonable. Mart v. Hill, 505 So.2d 1120 (La.1987); Stobart, 617 So.2d 880; Rosell, 549 So.2d 840.
Appellant’s First Two Assignments of Error
In its first assignment of error, Wal-Mart asserts that the trial court erred in failing to determine that an unreasonable risk of harm existed. In its second assignment of error, Wal-Mart argues that, even if the trial court did determine that an unreasonable risk of harm existed, such a finding is in error. For the following reasons, we find both these assignments of error to be meritless and affirm.
Louisiana Revised Statute 9:2800.6 sets forth the burden of proof required for maintaining actions against merchants. In pertinent part, Louisiana Revised Statute 9:2800.6 provides:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, Ldeath, or loss sustained because of a fall due to a condition existing in or on the merchant’s premises, the claimant sháll have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably fore-seéable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Thus, to prevail in a slip and fall action against a merchant due to a condition existing on the merchant’s premises, the plaintiff must prove that the condition presented an unreasonable risk of harm. The Appellant argues that, because the trial court did not clearly determine that the actions by Wal-Mart created an unreasonable risk of harm, the requirements of *1194 La.R.S. 9:2800.6 were not met. However, a review of the record indicates otherwise.
We are not prepared to say that a trial court must specifically say the words “unreasonable risk of harm” in order to find that the plaintiff has met his burden under La.R.S. 9:2800.6. Although the trial court did not say “unreasonable risk of harm,” it did find that Wal-Mart created a “hazard.” As this court has already determined, “[a] premise hazard is a condition or operation of the premises that results in an unreasonable risk of harm to customers under the circumstances.” Adkinson v. Brookshire Grocery Co., Inc., 95-1021, p. 3 (La.App. 3 Cir. 1/31/96); 670 So.2d 453, writ denied, 95-0514 (La.4/08/96); 671 So.2d 339; quoting Bordelon v. Southern La. Health Care Corp., 467 So.2d 167, 169 (La.App. 3 Cir.), writ denied, 469 So.2d 989 (La.1985). Accordingly, we find that when the trial court determined |4that Wal-Mart created a “hazard,” the unreasonable risk of harm requirement in La. R.S. 9:2800.6 was satisfied.
In its second assignment of error, Wal-Mart argues that, if the trial court did determine that an unreasonable risk of harm existed, this finding was in error. Upon review, we also find no merit to this assertion.
Whether a condition presents an unreasonable risk of harm is subject to review under the manifest error standard. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98); 708 So.2d 362. Thus, we may only disturb the trial court’s conclusion upon a finding that the trial court was clearly wrong or manifestly erroneous. Id.; Stobart, 617 So.2d 880.
It is not disputed that the Plaintiff fell in a puddle of water near the entrance to the Wal-Mart store. The trial court found that the Plaintiff was attempting to enter the store, that a hazardous condition existed at the beginning of the store entrance, this hazardous condition was caused by the Defendant’s watering of its plants, and that the Plaintiff was confronted with this hazard and slipped and fell.
In reaching this conclusion, a review of the record indicates that the trial court thoroughly considered the evidence and testimony of both parties. The trial court determined that pictures taken twenty-five minutes after the accident showed an excess of water still remaining in the parking lot and that this water could only have derived from the watering of the plants. Although we acknowledge that the presence of a foreign substance alone does not create a vice or defect, in light of the large amount of water still remaining only twenty-five minutes after the accident, we cannot say that the trial court was clearly wrong in determining that the water contributed to creating an unreasonable risk of harm.
| HMs. Rodriguez testified that as she approached the entrance to the store there were shopping carts blocking her view of the brick paving at the beginning of the entrance. Thus, she was unable to see the excess water on the bricks. Furthermore, the trial court determined that pictures of the scene supported this testimony. Accordingly, the trial court found that the Plaintiff was a credible witness, and was impressed with her testimony and gave great weight to it. In contrast, the trial court noted that the testimony of the Wal-Mart concerning the shopping carts not obstructing Ms. Rodriguez’s view, was discredited by these same pictures.
Credibility determinations by the trial court are given great weight by a reviewing court. “Where there are conflicts in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review.” Frame v. Comeaux, 98-1498, p. 2 *1195 (La.App. 3 Cir. 4/21/99); 735 So.2d 753, 54; citing Rosell v. ESCO, 549 So.2d 840 (La. 1989). A reviewing court should not disturb reasonable credibility determinations by a trial court. Id. Thus, upon review, we cannot say that the trial court erred in assigning more credibility to the testimony of Ms. Rodriguez with regard to her ability to see the water on the bricks.
Finally, Wal-Mart argues1 that Ms. Rodriguez was not forced to use the lawn and garden entrance and therefore she could have avoided this hazard. A review of the record indicates that the trial court found this to be' unpersuasive. We agree. Wal-Mart provides various entrances to its customers for their convenience. It is reasonable to foresee that by providing these entrances customers are going to use them. If Wal-Mart desires its customers not use certain entrances, the solution is simple. Close the entrance.
For these reasons, we find no error in the trial court’s determination that water | sat the entrance of the store which the Plaintiff was unable to see created a hazard and an unreasonable risk of' harm.
Appellant’s Third Assignment of Error
In its third assignment of error, Wal-Mart asserts that the trial judge erred in finding that it had a duty to warn Ms. Rodriguez of the presence of water on an outside brick surface and that such duty was breached. We find no error in the trial court’s finding and affirm.
It is well settled that merchants have a duty to protect their customers against hazards that create an unreasonable risk of harm. Bailey v. Forest Hill Speedway, 99-1332 (La.App. 3 Cir. 3/29/00); 759 So.2d 160; Pinsonneault v. Merchants & Farmers Bank & Trust, 99-0012 (La.App. 3 Cir. 7/21/99); 738 So.2d 172. “This duty extends to keeping thé premises safe from unreasonable risks of harm or warning persons of known dangers.” Pinsonneault, 99-0012, p. 12; 738 So.2d at 181. This duty applies to a multitude of .incidents including slip and fall accidents. Id.
The record shows that Wal-Mart, as its standard procedure, watered its plants during the early hours of the morning in question. Moreover, a Wal-Mart employee testified that this excess water was there every morning. Thus, we must conclude that Wal-Mart was aware of the presence of the water. This excess water flowed onto the brick paving. Ms. Rodriguez was unable to see the water because of the shopping carts obstructing her view, thus, creating a hidden danger and an unreasonable risk of harm to Ms. Rodriguez.
Wal-Mart argues that, because this hazard was outside of the entrance to the main building, it had no duty to warn. We disagree. Although located outside of the main store, it is clear from the record that this brick paving was not part of the | .¡.parking lot but part of the lawn and garden entrance. Additionally, Mr. Lewis Landry testified that he had safety devices at his disposal for use to warn customers of hidden dangers both inside of the store and at the store’s entrance. In light of this, we find that the safety devices at Wal-Mart’s disposal should have been utilized in order to warn its customers of the hazard. Wal-Mart failed to do this. Accordingly, we find no error in the trial court’s finding that Wal-Mart had a duty to warn its customers and that this duty was breached.
Appellant’s Fourth Assignment of Error
In its fourth assignment of error, Wal-Mart asserts the trial court erred in failing to find or consider comparative fault on the part of Ms. Rodriguez. The defense of comparative fault is provided *1196 for in Louisiana Civil Code Article 2323. “The assignment of comparative fault is a factual determination subject to the manifest error-clearly wrong standard of review.” Nichols v. Wal-Mart Stores, Inc., 97-265, p. 6 (La.App. 3 Cir. 7/2/97); 698 So.2d 53, writs denied, 97-2067 (La.11/4/97); 703 So.2d 628, 97-2067 (La.1/16/98); 707 So.2d 48; citing Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985).
As we have already determined, upon approaching the lawn and garden entrance, Ms. Rodriguez’s view of the brick paving was obstructed by shopping carts. As a result, Ms. Rodriguez was unable to see the water hazard awaiting her on the brick paving. Thus, Wal-Mart’s argument that this was an obvious hazard fails. Furthermore, had Wal-Mart not breached its duty to warn its customers, Ms. Rodriguez would have been aware of this unreasonably unsafe condition and could have taken the steps necessary to protect herself. Accordingly, we cannot say that the trial court committed manifest error in failing to find fault on the part of Ms. | «Rodriguez.
DECREE
For the reasons stated, the judgment of the trial court is affirmed in all respects. All costs of this appeal are assigned to the Defendant/Appellant.
AFFIRMED.