WALTER J. ROTHSCHILD, Judge.
pin this trip and fall case, plaintiffs appeal from a ruling of the trial court granting summary judgment in favor of defendants. We affirm.
FACTS AND PROCEDURAL HISTORY
On October 26, 2009, Deborah Zar Pel-legrin, wife of/and Lynn John Pellegrin, filed this petition for damages against Boomtown, L.L.C., Louisiana-1 Gaming and Pinnacle Entertainment, Inc., alleging that on October 27, 2008, Mrs. Pellegrin tripped on a piece of carpet in the Boom-town Casino in Harvey, Louisiana and suffered injury. Plaintiffs alleged that the accident was directly caused by the negligence of Boomtown in allowing a customer hazard to exist in the food service area and in failing to adequately inspect and maintain the carpet and flooring of the casino. Defendants filed an answer generally denying the allegations of the petition, | sand also asserted allegations of comparative fault on the part of Mrs. Pellegrin.
Following initial discovery, defendants brought a motion for summary judgment on the basis that plaintiffs were unable to meet them burden of proof under La. R.S. 9:2800.6 that the defective condition existed for such a period of time that it would have been discovered if defendants had used reasonable care. Plaintiffs moved to continue the hearing on the summary judgment motion on the basis that they required additional discovery in the form of the corporate deposition of defendants and the deposition of Boomtown employees. The hearing was continued, and plaintiffs subsequently filed an opposition to defendant’s motion for summary judgment. Following a hearing on May 13, 2011, the trial court rendered summary judgment in favor of defendants, dismissing plaintiffs’ petition with prejudice. The trial court based its ruling on the absence of any evidence that defendants had actual or constructive notice of the condition of the carpet at the time of the accident.
ISSUES
By this appeal, plaintiffs contend that the trial court erred in granting summary judgment when there was “positive, unre-butted evidence ... that the alleged carpet defect was created by the merchant or its employees,” and that there was direct and circumstantial evidence that defendants had actual or constructive notice of the defect. Plaintiffs also contend that the trial court erred in failing to consider its claims of strict liability as contained in La. C.C. arts. 2322 and 2317.1.
LSÜMMARY JUDGMENT
The law pertaining to summary judgment is well settled. Summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La. *647 C.C.P. art. 966(B), (C). Judgment will be rendered in the movant’s favor if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party’s claim. Id. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. Id.
LIABILITY
Plaintiffs’ claim for damages is governed by La. R.S. 9:2800.6, which provides, in part, as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
ls(l) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Constructive notice is defined in the statute as follows: “the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.” La.R.S. 9:2800.6(0.
With regard to the second element of proving defendants had notice of the condition, plaintiffs argue that because defendants created this particular defect in the carpet, it is unnecessary for them to also prove defendants had notice of the defect. In support of this argument, plaintiffs cite several cases in which courts held that where the merchant is found to have created the hazard, proof of notice thereof is not required. Savoie v. Southwest Louisiana Hosp. Ass’n, 03-982 (La.App. 3 Cir. 2/25/04), 866 So.2d 1078; Ruby v. Jaeger, 99-1235 (La.App. 4 Cir. 3/22/00), 759 So.2d 905; Rodriguez v. Wal-Mart Stores, Inc., 02-104 (La.App. 3 Cir. 6/5/02), 820 So.2d 1190.
However, in each of the cited cases, there was evidence presented that indicated that the hazardous conditions were caused by the defendants in Rsome way: by overwaxing the floor, by dripping water from ice bags in an oyster bar, or by watering plants in the garden center. In the present case, both Mrs. Pellegrin as well as her companion testified in their depositions that they did not see what caused Mrs. Pellegrin to trip and fall. Although another patron testified that there was a “rumple” in the carpet in the area *648 where Mrs. Pellegrin fell, there was no evidence submitted regarding what caused this condition or whether it existed prior to Mrs. Pellegrin’s fall. Plaintiffs’ reliance on deposition testimony of a former Boom-town employee that the employees are responsible for maintaining the carpet is not sufficient to prove that the “rumple” in the carpet was created by Boomtown employees. The cases cited by plaintiffs are therefore not controlling under the facts of the present case.
Pursuant to La. R.S. 9:2800.6, plaintiffs are required to prove that the condition of the carpet presented an unreasonable risk of harm to Mrs. Pellegrin and that Boom-town had actual or constructive notice of the condition prior to the occurrence. First, our de novo review fails to show that plaintiffs met their burden of proving the carpet was defective. Mrs. Pellegrin stated in her deposition that she tripped on a piece of carpet, but both Mrs. Pellegrin and her companion testified that they did not look at the carpet after the fall to determine what caused the incident. The only evidence in the record regarding the condition of the carpet in the area of Mrs. Pellegrin’s fall is that of Deborah Terre-bonne, a patron in the casino restaurant at the time of the incident. She testified that after she saw Mrs. Pellegrin fall, she noticed that there was a “rumple” in the carpet in the area. Plaintiffs submitted a photograph in which Ms. Terrebonne demonstrates with a t-shirt how the rumple appeared in the carpet, and also a photograph ^indicating how high the rumple appeared to be to Ms. Terrebonne. We have reviewed the evidence presented by plaintiffs and cannot say that plaintiffs met their burden of proving the condition of the carpet presented an unreasonable risk of harm to patrons of the restaurant.
We also find that plaintiffs failed to meet their burden on summary judgment to prove that defendants had notice of a dangerous condition in the carpet prior to this incident. Although plaintiffs failed to present direct evidence in the form of complaints or logs indicating that defendants knew or should have known of the condition, plaintiffs contend that the element of constructive notice can be established by circumstantial evidence.
In order to prove notice, plaintiffs rely on Ms. Terrebonne’s testimony of what the carpet looked like after Mrs. Pellegrin’s fall as well as her testimony that the condition of the carpet remained the same for weeks after Mrs. Pellegrin’s incident. Plaintiffs also rely on the deposition testimony of Rose Brehm, a former Boomtown employee and day supervisor of the restaurant, who stated that she had seen employees and guests stumble or lose their balance while walking on the carpet in the casino restaurant. She testified that it happened “not very often,” and that “it was [the employees’] impression of the carpet, not necessarily the way the carpet was.”
Plaintiffs argue that because Boomtown employees were aware that the carpet had previously caused people to lose their balance, Boomtown should have been aware of the dangerous condition on the date of this accident. Mrs. Brehm also testified that there were no procedures in place for inspecting the carpeting, and that Boom-town periodically changed sections of the carpeting when they “became loose at the seams.” Mrs. | sBrehm also stated that she did not examine the carpet on the day of Mrs. Pellegrin’s fall.
In their brief, plaintiffs argue that the carpet defect as described by Ms. Terre-bonne did not just spontaneously appear. Plaintiffs also argue that the Boomtown employees who were aware of the condition of the carpet and led the patrons to their tables were in a superior position to *649 observe the hazardous condition on the day of this incident. Plaintiffs contend that there are factual issues as to defendants’ liability pursuant to negligence and strict liability principles.
However, the express terms of the merchant liability statute, La. R.S. 9:2800.6, provide that the claimant must prove that the merchant “had actual or constructive notice of the condition which caused the damage, prior to the occurrence.” Further, both La. C.C. arts. 2317.1 and 2322 require a showing that the owner knew or should have known with the exercise of reasonable care of the defect.
In the present case, there is no evidence, either direct or circumstantial, that defendants knew or should have known of the condition of the carpet prior to the occurrence. The testimony that employees and patrons sometimes lose their balance on the carpet, even assuming it to be true, is insufficient to prove that the casino was aware that the carpet presented an unreasonable risk of harm prior to this occurrence.
Plaintiffs did not establish that the carpet contained a “rumple” for any period of time prior to the occurrence, much less for a period of time sufficient to place Boom-town on notice of its existence. Although the Boomtown former employee stated she had seen people lose their balance on the carpet previously, she did not see the condition of the carpet before Mrs. 13PelIegrin fell. Plaintiffs have not presented any evidence that they can make a positive showing that the “rumple” existed for some period of time, or that the time was sufficient to put Boomtown on notice. There is also no evidence that Boomtown created or had actual knowledge of the condition pri- or to Mrs. Pellegrin’s fall.
Accordingly, plaintiffs have failed to produce factual support sufficient to establish that they will be able to meet their burden of proof at trial of proving either negligence or strict liability on the part of defendants. We therefore affirm the summary judgment rendered in favor of defendants. Plaintiffs shall bear all costs of this appeal.

AFFIRMED