JAMES F. McKAY III, Judge.
|Jn this personal injury trip and fall case, the plaintiff, Cheniere Thomas, appeals the trial court’s granting of summary judgment in favor of the defendant, Jazz Casino Company, L.L.C., d/b/a Harrah’s New Orleans Casino. We reverse and remand.
*1281 FACTS AND PROCEDURAL HISTORY
On July 9, 2010, Cheniere Thomas was a patron at Harrah’s New Orleans Casino. Ms. Thomas alleged that something on the floor of the casino caused her to fall and injure herself.
Thereafter, Ms. Thomas filed a lawsuit against Caesars Entertainment Operating Company, Inc. Ms. Thomas later amended her petition to name the correct defendant, Jazz Casino Company, L.L.C., d/b/a Har-rah’s New Orleans Casino. Harrah’s filed a motion for summary judgment contending that “based on the evidence plaintiff cannot carry her burden of proof required under La. R.S. 9:2800.6 nor under Civil Code Article 2817.1.” The trial court granted the defendant’s motion, holding “that La.9:2800.6 applies to the plaintiffs cause of faction, that Harrah’s Casino is a merchant under that statute and further finds that plaintiff cannot sustain her burden of proof as it relates to defendant, Jazz Casino Company, L.L.C.” It is from this judgment that Ms. Thomas now appeals.
DISCUSSION
On appeal, the plaintiff contends that the trial court should not have granted summary judgment because there are genuine issues of material fact concerning whether or not the defendant is a merchant pursuant to La. R.S. 9:2800.6 and whether or not the raveled/missing carpet and/or the “shaky, loose” floor plate constituted a ruin, vice or defect in the defendant’s premises pursuant to La. C.C. Art. 2317.1 or La. C.C. Art. 2822.
Appellate- courts review the grant or denial of summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment may be rendered disposi-tive of a particular issue, theory of recovery, cause of action or defense in favor of one or more parties. La. C.C.P. art. 966(E); see also La. C.C.P. art. 1915(B)(1).
A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiff’s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Hardy v. Bowie, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610. Simply put, a material fact “is one that would matter on the trial on the merits.” Id.
Regarding the plaintiff’s contention that the defendant does not qualify as a merchant under La. R.S. 9:2800.6, we disagree. This Court has stated that “jurisprudence has recognized that a casino is a merchant for purposes of this Act.” Smith v. The New Orleans Casino, 2012-0292, p. 11 (La.App. 4 Cir. 10/3/12), 101 So.3d 507, 514. The other Circuits have also recognized that casinos fall under the classification of merchants for the purposes of La. R.S. 9:2800.6. See Rowell v. Hollywood Casino Shreveport, 43,306 (La.App. 1 Cir. 9/24/08), 996 So.2d 476; Dubriel v. Horseshoe Entertainment, 34,885 (La.App. 2 Cir. 8/22/01), 793 So.2d 459; Neal v. Players *1282 Lake Charles, L.L.C., 2001-0244 (La.App. 3 Cir. 6/6/01), 787 So.2d 1213; Pellegrin v. Louisiana Gaming-1, 2011-1021 (La.App. 5 Cir. 4/24/12), 93 So.3d 645.
Although casinos qualify as merchants under this statute, this does not mean that the plaintiff cannot recover against the defendant. In addition to proving underlying negligence on the part of the defendant, La. R.S. 9:2800.6 places the burden of proof on the plaintiff to prove that a fall occurred on the defendant’s 14premises due to: 1) a condition which presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; 2) that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence; and 3) that the defendant failed to exercise reasonable care. However, in the instant case, the trial court opined that the plaintiff could not meet her burden of proof under La. R.S. 9:2800.6, but did not actually apply the statute to the facts of this case.
Furthermore, Section D of La. R.S. 9:2800.6 preserves a plaintiffs right to a claim pursuant to Civil Code Article 2317.1. For an article 2317.1 claim, the plaintiff need only prove that 1) there was a ruin, vice or defect in the defendant’s premises; 2) that defendant knew and/or should have known of the ruin, vice or defect and 3) plaintiffs fall could have been prevented with the reasonable care by the defendant. In the instant case, the trial court failed to address the plaintiffs claim under La. C.C. art. 2317.1. In the transcript of the hearing on the motion for summary judgment, the trial court stated: “I’m not going to address that at all.”
In the instant case, Ms. Thomas alleged that damaged carpet around an electrical outlet caused her to fall. Based on the photograph exhibits provided by the plaintiff, the damaged carpet did exist. The defendant also should have known of this condition considering that the area was regularly vacuumed and traversed by its employees. There is a question as to whether the defendant exercised reasonable care. This creates a genuine issue of material fact that should have precluded the granting of summary judgment,
| r,CONCLUSION
For the following reasons, the trial court’s granting of summary judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LOVE, J., concurs and assigns reasons.
LEDET, J., dissents with reasons.