# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2021 CA 0979

## ALTON OLIVER

### VERSUS

## BELLE OF ORLEANS, LLC

**Judgment Rendered:** APR 0 8 2022

* * * * * *

On Appeal from the Sixteenth Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Docket No. 131,616

Honorable Vincent Borne, Judge Presiding

* * * * * *

| | |
|---|---|
| M. Paul Skrabanek<br>Houston, TX | Counsel for Plaintiff/Appellant<br>Alton Oliver |
| John H. Musser, V<br>Tarryn E. Walsh<br>Brittney I. Esie<br>New Orleans, LA | Counsel for Defendant/Appellee<br>Belle of Orleans, LLC |

* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

Welch, J. concurs without reasons

**McClendon, J.**

In this personal injury case, the plaintiff appeals the trial court's judgment that granted the defendant's motion for summary judgment and dismissed his claim with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2017, Alton Oliver filed a petition for damages against Belle of Orleans, L.L.C. d/b/a Amelia Belle Casino (the Belle), alleging that on February 26, 2017, he fell as he was boarding an "up" escalator at the Belle in Amelia, Louisiana. Mr. Oliver asserted that the Belle knew or should have known of the defective condition of its premises and failed to warn him about it. Mr. Oliver claimed that because of the Belle's negligence, he suffered serious injuries to his neck, back, and head and that the Belle was liable to him for his damages. The Belle answered the petition, generally denying Mr. Oliver's allegations.

After discovery, the Belle filed a motion for summary judgment on February 22, 2021, arguing that Mr. Oliver would not be able to meet his burden of proving the essential elements of his claim. Specifically, the Belle contended that Mr. Oliver was unable to show that the escalator contained a defect and that said defect presented him with an unreasonable risk of harm. Alternatively, the Belle asserted that Mr. Oliver could not establish the elements of a premises liability claim under LSA-C.C. arts. 2317 and 2322 or a merchant liability claim under LSA-R.S. 9:2800.6.

Mr. Oliver opposed the motion for summary judgment. In his opposition, Mr. Oliver referred to his deposition, wherein he mentioned that water or some other liquid was on the escalator that created an unreasonable risk of harm. However, the record reflects that Mr. Oliver did not offer any evidence in opposition to the motion for summary judgment.

At the hearing on the motion for summary judgment, counsel for Mr. Oliver conceded that Mr. Oliver was no longer arguing that there was a defect in the

2

escalator, but rather that there was a slippery liquid on the steps.[1] After argument by the parties, the trial court found "issues of fact as to the presence or absence of a substance." However, the trial court also determined that there was no issue of material fact regarding notice to the Belle of an unreasonably unsafe condition. The trial court found that there was no evidence to show that the Belle knew or should have known of the presence of an alleged liquid that caused Mr. Oliver's fall. Accordingly, the trial court orally granted the Belle's motion for summary judgment. On April 13, 2021, the trial court signed a judgment in accordance with its ruling, dismissing Mr. Oliver's claims against it with prejudice. Mr. Oliver appealed.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2).

The burden of proof is on the mover. LSA-C.C.P. art. 966D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1). Further, the plaintiffs may not rest on the mere allegations in their pleadings, but their

---

[1] Counsel stated: "We said it's liquid, so it wasn't a defect in the escalator steps or anything. There was liquid on the steps. It could have been water. It could have been soda. It could have been alcohol, but it was liquid. That doesn't change the fact that it was slippery."

3

responses must set forth specific facts showing that there is a genuine issue for trial. If the plaintiffs do not so respond, summary judgment, if appropriate, shall be rendered against them. LSA-C.C.P. art. 967B.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Jackson v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College**, 19-0457 (La.App. 1 Cir. 5/26/20), 307 So.3d 227, 230, <u>writ denied</u>, 20-00837 (La. 10/14/20), 302 So.3d 1117. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Primeaux v. Best Western Plus Houma Inn,** 18-0841 (La.App. 1 Cir. 2/28/19), 274 So.3d 20, 27.

In this case, Mr. Oliver originally asserted claims against the Belle under a theory of premises liability and negligence as set forth in LSA-C.C. arts. 2317 and 2322.[2] However, Mr. Oliver now maintains that a slippery liquid on the escalator caused him to slip and fall, rather than any defect in the escalator itself. Therefore, LSA-R.S. 9:2800.6, which governs negligence claims brought against merchants resulting from accidents caused by a condition existing on or in a merchant's premises, applies to Mr. Oliver's claims.

Louisiana Revised Statutes 9:2800.6 provides, in relevant part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an

---

[2] Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Additionally, LSA-C.C. art. 2322 provides that the owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Failure to prove any of the requirements enumerated in LSA-R.S. 9:2800.6 is fatal to a plaintiff's case. **Willig v. Pinnacle Entertainment, Inc.,** 15-1998 (La.App. 1 Cir. 9/16/16), 202 So.3d 1169, 1173. Additionally, a casino qualifies as a merchant for purposes of this statute.[3] **Id.** at n.3. See also **Thomas v. Caesars Entertainment Operating Company, Inc.,** 12-1202 (La.App. 4 Cir. 1/23/13), 106 So.3d 1279, 1281-82, writ denied, 13-0546 (La. 4/5/13), 110 So.3d 590, and writ denied, 13-0462 (La. 4/5/13), 110 So.3d 593; **Richardson v. Louisiana-1 Gaming,** 10-262 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895.

In his appeal, Mr. Oliver assigns as error the trial court's failure "to find a fact question existed as to whether Belle knew or should have known about the unreasonably dangerous condition - i.e. water on the escalator - on its premises." The record shows that the Belle offered several exhibits in support of its motion for summary judgment, including a copy of the incident report, the surveillance video of the incident, certain discovery responses, the Belle's maintenance contract for the escalator, and Mr. Oliver's medical records. Additionally, the Belle submitted the depositions of Mr. Oliver, Mrs. Vera Oliver, and Deshanna Martin, all taken on November 6, 2018.

---

[3] Pursuant to LSA-R.S. 9:2800.6C(2):

"Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

5

In his deposition, Mr. Oliver testified that on the date of the incident, he was at the Belle with his wife, Vera, and Ms. Martin, a family friend, when they decided to eat at the buffet in the casino before leaving. The video surveillance shows that shortly after boarding the escalator, Mr. Oliver fell backwards. The security shift manager stated in his incident report that Mr. Oliver reported that Mr. Oliver "lost his balance and fell on the escalator on his way up to the third deck buffet." Mr. Oliver later gave a written statement, wherein he stated that his "[f]oot got caught in the escalator and [he] fell back" and again that he fell after his "foot got caught in escalator." Mr. Oliver "complained of some pain in his back, leg, neck and head," but refused medical treatment when it was offered, and he refused any help from the casino staff. The security manager also reported that "[t]here were no substances, debris or defects on the escalator that could have caused or contributed to [Mr.] Oliver's fall." The video indicates that the escalator steps appear to be clean, dry, and free of any foreign substances. However, Mr. Oliver, his wife, and Ms. Martin all testified in their depositions that a liquid was on the escalator steps.[4]

Mr. Oliver argues that his testimony, as well as the testimony of Mrs. Oliver and Ms. Martin, that a liquid was on the escalator steps, was sufficient to establish an unreasonably dangerous condition. To the contrary, the Belle argues that even if, for the sake of argument, there was a liquid or some other substance on the elevator steps, Mr. Oliver failed to show that the Belle either created or had actual or constructive notice of the condition causing his damage as required under LSA-R.S. 9:2800.6B(2). We agree.

Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6C(1). In **White v. Wal-Mart Stores, Inc.**, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084, the Louisiana Supreme Court stated that although there is no bright line time period, the temporal element

---

[4] There is no indication that this information was reported to the Belle personnel after Mr. Oliver's fall, and it is not in the incident report.

6

in a slip and fall claim requires a "positive showing" by the plaintiff that the hazardous condition existed for some time prior to the fall. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. **White**, 699 So.2d at 1084; **Clark v. J-H-J Inc.**, 13-0432 (La.App. 1 Cir. 11/1/13), 136 So.3d 815, 817-18, writ denied, 13-2780 (La. 2/14/14), 132 So.3d 964.

On our *de novo* review, we find that the Belle sufficiently pointed out the absence of factual support for one or more elements essential to Mr. Oliver's claim. See LSA-C.C.P. art. 966D(1). The burden then shifted to Mr. Oliver to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the Belle was not entitled to judgment as a matter of law.

Other than the deposition statements of Mr. Oliver, Mrs. Oliver, and Ms. Martin taken more than a year and a half after Mr. Oliver's fall, the record contains no evidence that a liquid substance was present on the escalator steps at the time of Mr. Oliver's fall. No liquid of any kind is visible on the escalator in the video showing Mr. Oliver's fall, and there are no incident reports documenting any liquid on the escalator steps. Additionally, even accepting the self-serving statements of Mr. and Mrs. Oliver and the statement of Ms. Martin as true, Mr. Oliver failed to present any evidence that the Belle had actual or constructive knowledge of the alleged liquid on the escalator. Mr. Oliver, Mrs. Oliver, and Ms. Martin did not know how the liquid came to be on the escalator, what the liquid was, or how long the liquid was present on the escalator, before Mr. Oliver fell. Moreover, no evidence was presented of any customer complaints regarding any liquid on the escalator either before or after Mr. Oliver's fall, nor was any evidence presented that the escalator required maintenance following Mr. Oliver's fall.

Accordingly, Mr. Oliver has not shown that the Belle created or had actual or constructive notice of the allegedly hazardous condition caused by the liquid prior to his fall. Because Mr. Oliver failed to establish factual support for all of the

7

elements of his claim, there is no genuine issue of material fact, and the trial court correctly granted summary judgment.[5]

## CONCLUSION

For the reasons stated above, we affirm the April 13, 2021 judgment of the trial court granting summary judgment in favor of Belle of Orleans, L.L.C. d/b/a Amelia Belle Casino and dismissing Alton Oliver's claims against it with prejudice. All costs of this appeal are assessed to Alton Oliver.

**AFFIRMED.**

---

[5] Similarly, based on the Belle's lack of actual or constructive knowledge of the allegedly hazardous condition, we find that Mr. Oliver's claims, under any alternative theory of liability would also fail.