| | | |
|---|---|---|
| **PATRICIA ANNE JONES** | * | **NO. 2024-CA-0520** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **ETI, INC., WHEELER TILE** | * | **FOURTH CIRCUIT** |
| **CONSTRUCTION, INC.,** | | |
| **PRECISION SHORING, LLC,** | * | **STATE OF LOUISIANA** |
| **ROSS CONSTRUCTION &** | | |
| **REMODELING, LLC** | * | |
| | * | |

\* \* \* \* \* \* \*

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

**PATRICIA A. JONES**                    **NO. 2024-CA-0521**

**VERSUS**

**ETI, INCORPORATED, ABC
INSURANCE COMPANY,
PRECISION SHORING, LLC,
ATAIN SPECIALTY INSURANCE
COMPANY, RLH INVESTMENTS,
LLC D/B/A LANDRIEU
CONCRETE SERVICES, DEF
INSURANCE COMPANY, ROSS
CONSTRUCTION COMPANY AND
XYZ INSURANCE COMPANY**

**LEDET, J, DISSENTING WITH REASONS**

I would affirm the trial court's judgment granting Defendants' summary judgment motion and dismissing Plaintiff's claims against them. Plaintiff—Patricia Jones ("Ms. Jones")—cannot identify what caused her to fall. Ms. Jones, in her deposition, speculates that the cement hose was "the force" that struck her. Such speculation is insufficient to create a genuine issue of material fact. *See Samuels v. United Fire & Cas. Ins. Co.*, 14-0505 (La. App. 4 Cir. 10/15/14), 2014 WL 5310497 (*unpub.*) (observing that plaintiff's "speculation as to the source of the substance or defect that caused his fall is insufficient to establish a genuine issue of material fact"); *Maddox v. Howard Hughes Corp.*, 19-0135, p. 8 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 339 (internal citations, quotations, and brackets omitted)

1

(observing that "[a]llegations that a non-moving escalator is more dangerous than stairs, inferences that since her feet were dry and it was the nearest exit to her vehicle, the escalator was the cause of her fall, and speculations that the escalator treads were not the same as stair treads are not sufficient to create a genuine issue of material fact").[1] For these reasons, I would affirm the trial court's judgment granting Defendants' summary judgment motion and dismissing Ms. Jones' claims against them. Accordingly, I respectfully dissent.

---

[1] *See also Smith v. Casino New Orleans Casino*, 12-0292, p. 11 (La. App. 4 Cir. 10/3/12), 101 So.3d 507, 514; *Thomas v. Caesars Entm't Operating Co., Inc.*, 12-1202, pp. 3-4 (La. App. 4 Cir. 1/23/13), 106 So.3d 1279, 1284 (Ledet, J., dissenting).